MOORE, Judge.
This is an appeal from a final judgment in favor of the defendant in a medical malpractice action.
During the course of surgery a Michel clip, used as a tissue securing device, was left in the incision. Still suffering pain after approximately seven months the plaintiff, wife, returned to the defendant who, upon taking x-rays, discovered the existence of the clip in plaintiff’s lower back beneath the surgical incision previously made by him. An unsuccessful attempt was made to remove the clip under local anesthesia in a treatment room adjacent to the defendant’s office. Two days later the plaintiff was hospitalized and the clip was removed by the defendant after another surgical procedure. Thus, the plaintiffs incurred additional medical expenses for the surgical procedures utilized to remove the clip.
During the seven months while the clip remained inside her lower back the plaintiff complained to several doctors about pain. At trial the defendant presented considerable testimony to the effect that the clip was not responsible for any of plaintiff’s subsequent ailments. The defendant testified:
“We discussed the situation, and I indicated to Mr. & Mrs. Martin, to use a phrase that’s been used here and one of my favorite phrases, that I really didn’t think the presence of the clip amounted to the price of tea in China, and that I did not believe that the clip itself had any thing to do with her present symptoma-tology. If I were to be asked the question, ‘Is there a remote possibility that there could be some connection?’ I couldn’t deny it, but it was my judgment that this was not the case, and if she’d be happier to have it out, I was perfectly willing to do so, because it was close to the surface and should have come out relatively easily.”
The doctor continued:
“ . I would have been perfectly happy to leave it be and consider it to be innocuous. There are pieces of metal, these days, left in individuals — that are huge, compared to this type of surgical clip — which can be tolerated by the body and which I wouldn’t necessarily remove unless I felt it was being detrimental.
But at the same time, if it’s in the patient’s mind this is a cause of their symptomatology, and I did not feel that the procedure, itself, was so risky as to be against their best interest, then under that type of compromise situation and decision with the patient, I was willing to go ahead and take it out.”
Assuming that there was no physiological reason for removal of the clip nevertheless a patient whose body has been violated by leaving surgical tools therein has the right to have such tools removed, even if the reason for such removal is psychologically motivated. As argued by the defendant in his brief the decision to remove the clip was made “with the patient” in order to “redirect the focus of attention” of the patient from the psychological cause of the pain to the presence of the clip, thereby eliminating the pain which was psychosomatic in nature.
Although the trial court instructed the jury that the defendant was negligent in leaving the clip in the plaintiff’s back it also instructed the jury to determine whether such negligence was a legal cause of loss, injury or damage sustained by the plaintiffs. This was error.
The issue of whether a plaintiff’s damages or injuries were proximately caused by the defendant’s negligence is peculiarly a factual question for the jury’s determination. Brightwell v. Beem, 90 So.2d 320 (Fla.1956). This does not mean, however, that a jury may disregard completely that testimony which is not open to doubt and on which reasonable minds could not differ.
In the instant case, the negligent act of leaving the clip in plaintiff’s back clearly and undoubtedly necessitated the subsequent surgical procedures to remove the clip. Although the clip may have been innocuous and not the cause of continuing pain its presence necessitated the plaintiff-wife to undergo two additional surgical procedures, the cost for which the plaintiff-husband became responsible. Thus, the de *1230 fendant’s negligence was the unequivocal proximate cause of some damage to the plaintiffs and the amount thereof only should have been determined by the jury. The jury should not have been instructed to determine whether the negligence was the legal cause of loss but rather to determine the amount of damages that were legally caused by the negligence.
This cause is reversed and remanded for a new trial on the issue of damages only.
REVERSED and REMANDED.
ANSTEAD, J. and SIMONS, STUART M., Associate Judge, concur.